USDC SCAN INDEX SHEET



USA

BURR

TB
3:95-CR-01876
*90*
*CRMEMSUP.*

```
GRETCHEN C. von HELMS, ESQ.
California Bar No. 156518
Attorney at Law
105 West "F" Street, Suite 308
San Diego, California 92101
Telephone:  (619) 239-1199

Attorney for Defendant Halpern
```



FILED
AUG 26 1996

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. RUDI M. BREWSTER)

| UNITED STATES OF AMERICA, | Criminal No. 95-1876-IEG |
|---|---|
| Plaintiff, | |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| GREG HALPERN, | |
| Defendant. | |

I.

## STATEMENT OF FACTS

This statement of facts is based on government reports provided to defendant thus far in discovery. Defendant does not accept this statement of facts as his own statement, and reserves the right to take a contrary position at motions or trial.

Mr. Greg Halpern has been charged, in an indictment, with conspiracy, in violation of 18 U.S.C. § 371, wire fraud, in violation of 18 U.S.C. § 1343, and aiding and abetting, in violation of 18 U.S.C. § 2.

/ / /

Mr. Halpern is alleged to have participated in a fraudulent scheme in which individuals were solicited by International Marketing Group, Mr. Halpern's employer. These individuals were told that they had been selected as a "National Award Winner" or "Top Executive Level Award Winner" and could receive a valuable prize. These individuals were then induced to send money to International Marketing Group.

The government has provided some discovery in the form of copies of tapes of Mr. Halpern speaking to potential customers of International Marketing Group, as well as reports.

## II.

### MOTION TO COMPEL DISCOVERY

Mr. Halpern moves for the production by the government of:

(1) copies of any written or recorded statements he made; the substance of any statements made by Mr. Halpern which the government intends to offer in evidence at trial; defendant's prior record, if it has not already been provided in its entirety; any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial; all notes of the arresting agents. Mr. Halpern also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which

2

statements of Mr. Halpern are contained. It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A), 16(a)(1)(C) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 792 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Mr. Halpern also requests any response to any Miranda warnings which may have been given to him, on the date of his arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all discovery to which Mr. Halpern is entitled under Fed. R. Crim. P. 16;

(3) all documents, statements, agents' reports, and tangible evidence favorable to Mr. Halpern on the issue of guilt and/or which affect the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(4) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

/ / /

3

Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Mr. Halpern also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Crim. P. 16 and Fed. R. Evid. 404(b). Mr. Halpern must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980);

Mr. Halpern requests a pre-trial conference in order to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

(5) all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

(6) all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Halpern. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Mr. Halpern specifically requests that all dispatch tapes which exist relating to his arrest be preserved;

(7) all other documents and tangible objects, including photographs books, papers, documents, photographs, or building or places or copies of portions thereof which are material to Mr.

4

Halpern's defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Halpern;

(8) the personnel file of the interviewing, investigating, and surveilling agent containing any complaints of assaults, abuse of discretion and authority and/or false arrest. <u>Pitchess v. Superior Court</u>, 11 Cal. 3d. 531, 539 (1974). In addition, the defense requests that the prosecutor be ordered <u>personally</u> to examine the personnel files of all testifying agents, and turn over <u>Brady</u> and <u>Giglio</u> material reasonably in advance of trial. <u>United States v. Lacy</u>, 896 F.Supp. 982 (N.D. Cal. 1995); <u>see also</u>, <u>United States v. Henthorn</u>, 931 F.2d 29, 30-31 (9th Cir. 1991). If the prosecutor is unsure as to whether the files contain <u>Brady</u> or <u>Giglio</u> material, the files should be submitted to the Court, <u>in camera</u>. <u>Id</u>. The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files. <u>Id</u>.

(9) any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(10) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. <u>See</u> Rule 608(b), Federal Rules of Evidence and <u>Brady</u>;

///

5

(11) any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(12) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(13) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

(14) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(15) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);

6

Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(16) the defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(17) all material to which Mr. Halpern is entitled pursuant to 18 U.S.C. § 3500, reasonably in advance of trial;

(18) pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Halpern requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(19) a summary of all expert testimony prior to trial pursuant to Fed.R.Crim.P. 16(a)(1)(E).

II.

**MR. HALPERN REQUESTS LEAVE TO FILE FURTHER MOTIONS**

Mr. Halpern and defense counsel have received limited discovery in this case. As new information comes to light, due to the government providing discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further

motions based upon information gained through the discovery process.

### III.

### MR. HALPERN MOVES TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS

Mr. Halpern moves to join in all motions filed in this case by his co-defendants.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Halpern respectfully requests this Court to grant his motions.

Respectfully submitted,

Dated: August 26, 1996       GRETCHEN C. von HELMS

Attorney for Defendant
**Greg Halpern**

8