USDC SCAN INDEX SHEET











USA

BURR

ACR 7/28/97 13:29

3:95-CR-01876

*272*

*CRTRLMEM.*

ORIGINAL

ALAN D. BERSIN
United States Attorney
JULIA CRAIG KELETY
Assistant U.S. Attorney
California State Bar No. 147398
United States Courthouse
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6243

Attorneys for Plaintiff
United States of America




UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. RONALD RAMAGLIA (8), PHILLIP DENARDO (13) Defendants. | Criminal Case No. 95-1876-B<br>DATE: August 6, 1997<br>TIME: 9:00 a.m.<br>GOVERNMENT'S TRIAL MEMORANDUM |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Alan D. Bersin, United States Attorney, and Julia Kelety, Assistant United States Attorney, and hereby files its Trial Memorandum of facts and law relating to the captioned case.

DATED: July 25, 1997.

Respectfully submitted,

ALAN D. BERSIN
United States Attorney

JULIA CRAIG KELETY
Assistant U.S. Attorney

272

I

STATUS OF THE CASE

A. INDICTMENT

In November, 1995, a federal grand jury in the Southern District of California returned an indictment against one of the owners and five salespeople at International Marketing, Inc. (hereafter "IM"), a Las Vegas telemarketing business. Thereafter, in December of 1996, the grand jury superseded the indictment to charge the other owner, three managers (including defendant RAMAGLIA), and five additional salespeople, including defendant DENARDO.

Twelve defendants have pleaded guilty prior to trial, and a thirteenth, Joseph Marfoglia, is expected to plead guilty on July 28, 1997 at 2:00 p.m. One defendant, Brian Hall, has never been located and is a fugitive. The two captioned defendants are set for trial.

Both defendants are charged with one count of conspiracy to commit wire fraud. In addition, defendant Ramaglia is charged with fifteen counts of wire fraud, and defendant DeNardo is charged with five counts of wire fraud.

B. CUSTODY STATUS

Defendants are out of custody on bond. At the time of this filing, there is a bench warrant pending for defendant Ramaglia, who failed to appear at his last court appearance.

C. TRIAL STATUS

A jury trial is scheduled for August 6, 1997 at 9:00 a.m. before the Honorable Rudi M. Brewster, United States District Judge. The estimated length of the United States' case-in-chief is approximately two weeks, depending on the duration of cross-examination.

//

D. INTERPRETER

An interpreter will not be necessary for the defendants in this case.

E. JURY WAIVER

No jury waiver has been filed.

F. PRETRIAL MOTIONS

At previous motions hearings, the Court continued discovery issues until trial; granted a motion to declare the case complex; granted a motion to suppress statements; granted the United States' motions for handwriting and voice exemplars; and granted the United States' motion for reciprocal discovery.

No Motions in Limine have been filed. At the time of the filing of this Memorandum, the United States has received no reciprocal discovery from any party.

II

STATEMENT OF FACTS

Defendant Ramaglia was the manager of an IM phone room located at 3305 W. Spring Mountain Road in Las Vegas. Defendant DeNardo was one of the telephone solicitors that worked under DeNardo at that location.

Under Ramaglia's management and with his knowledge, defendant DeNardo and other telephone salespersons called victims by interstate telephone calls and would induce them to send money to IM by intentionally and falsely leading such victims to believe that they had won a valuable prize and would need to purchase "Say No To Violence" paraphernalia in order to receive that valuable prize. Instead, victims received items worth a fraction of the money that they sent to IM. Defendants knew that the statements made by DeNardo

and other IM solicitors was false and misleading. The statements were made so that people would be willing to send money to IM.

III

WITNESSES

The United States may call the following witnesses to testify in its case in chief:

1. FBI Special Agent Stewart Roberts
2. FBI Special Agent Michael Havertz
3. FBI Financial Analyst Carol Harman
4. FBI Special Agent Fred Olivares
5. Lucille Sinclair
6. Virginia Moore
7. Will Frazier
8. Mrs. Frazier
9. Rhodene Baird
10. Algenia Burns
11. William Jackson
12. Cerise Mercer
13. Marjorie Gumm
14. Helen Barr
15. Anne Reiter
16. Douglas Oakley
17. Jason Mullins
18. Greg Halpern
19. Joy Rappaport
20. Robert Ottaviano
21. Karen Stepanoff

The United States reserves the right to call witnesses in its rebuttal case, regardless of whether such witnesses are listed above.

IV

EXHIBITS

Summary charts which will be offered by the United States will be provided to defense counsel, together with the data underlying the summary charts. A set of pre-marked Exhibits will be provided to counsel prior to trial. A final exhibit list will be provided to the clerk of the court at the time of trial. Any changes will be brought to the attention of counsel promptly and any additional exhibits will be provided to counsel.

V

JURY INSTRUCTIONS

The United States plans to submit its proposed jury instructions to the court and defense counsel upon request of the court. The United States intends to submit instructions that apply specifically to the issues in this case and respectfully requests that the court give any additional general instructions that it deems appropriate.

VI

STIPULATIONS

Defendant DeNardo has tentatively agreed to stipulate that he is the person whose voice is heard on one of the tape recordings offered by the United States at trial.

VII

LEGAL ISSUES

A. WIRE FRAUD [18 U.S.C. § 1343]

1. The essential elements of mail or wire fraud are (1) a scheme to defraud; and (2) a knowing use of interstate wire

communications to execute the scheme. United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979).

2. To sustain a conviction for wire fraud, there must be sufficient evidence to show that the defendant willfully participated in a scheme with knowledge of its fraudulent nature and with intent that the illicit objectives be achieved. United States v. Lothian, 976 F.2d 1257, 1262 (9th Cir. 1992).

3. Knowledge of fraudulent purpose need not be shown by direct evidence, but may also be established by circumstantial evidence. United States v. Lothian, 976 F.2d 1257, 1262 (9th Cir. 1992). Intent to defraud may be inferred from the defendant's statements and conduct. United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979).

4. Statements and acts of co-participants in a scheme to defraud are admissible against other participants. United States v. Lothian, 976 F.2d 1257, 1262 (9th Cir. 1992).

5. To prove wire fraud, the prosecution need not prove that the scheme was successful or that the defendant secured a gain. United States v. Louderman, 576 F.2d 1383, 1387 (9th Cir. 1978).

6. A jury may find a representation to be false or fraudulent if it finds that the representation was known to be untrue when made and made with the intent to deceive. A representation is deceptive if the reasonably probable effect of the representation would be to deceive or mislead a person of ordinary prudence. United States v. Louderman, 576 F.2d 1383, 1387 (9th Cir. 1978).

7. Fraudulent representations, as the term is used in the mail and wire fraud statutes, is effected by deceitful statements of half-truths or the concealment of material facts. United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979); United States v. Allen, 554 F.2d 398, 410 (10th Cir.), cert. denied, 434 U.S. 836 (1977), quoted with approval, United States v. Benny, 786 F.2d 1410, 1418 (9th Cir. 1986).

8. Reckless indifference alone will support a mail or wire fraud conviction. Thus, fraudulent intent is shown if a representation is made with reckless indifference as to its truth or falsity. United States v. Gay, 967 F.2d 322, 326 (9th Cir. 1992); United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1976).

9. A statement or representation is "false or fraudulent" within the meaning of the wire fraud statute, if known to be untrue, or made with reckless indifference as to its truth or falsity, and made or caused to be made with the intent to deceive. United States v. Federbush, 625 F.2d 246, 255 (9th Cir. 1980).

10. A good faith belief that the victim will be repaid and will sustain no loss is no defense at all. United States v. Benny, 786 F.2d 1140 (9th Cir. 1986).

11. Proof of an affirmative material misrepresentation supports a conviction for wire fraud without additional proof of a fiduciary duty. United States v. Benny, 786 F.2d 1410, 1418 (9th Cir. 1986).

12. It is sufficient for a scheme to defraud for the jury to

find either that the victim was actually deprived of money or property, or that the defendant intended to defraud the victim of the same. United States v. Utz, 886 F.2d 1148 (9th Cir. 1989).

13. Intent may be inferred from the totality of the circumstances and need not be proven by direct evidence. United States v. Alston, 609 F.2d 531, 538 (D.C. Cir. 1979).

14. Defendants' conduct after the money was received can constitute part of the scheme where the scheme to defraud demands continuity and the actions were done in order to reassure those from whom money had been obtained in order that the scheme could be successfully pursued as to others. Cacy v. United States, 298 F.2d 227, 230 (9th Cir. 1961).

B. EVIDENTIARY ISSUES

1. Admissibility Of Tape Recordings

a. The foundation which must be laid for the introduction into evidence of tape recordings is a matter largely within the discretion of the trial court. There is no rigid set of foundational requirements. United States v. Hollingshead, 672 F.2d 751, 755 n.3 (9th Cir. 1982); United States v. Mouton, 617 F.2d 1379, 1383-1384 (9th Cir.), cert. denied, 449 U.S. 860 (1980).

b. Taped conversations are competent evidence, even if they are partly inaudible, as long as the trial judge believes that they have probative value. United States v. Hurd, 642 F.2d 1179, 1183 (9th Cir. 1981).

c. A witness may testify competently as to the identification of a voice on a tape recording. The witness' opinion

testimony may be based upon his having heard the voice before under circumstances connecting it with the alleged speaker. Fed. R. Evid. 901(b)(5); United States v. Turner, 528 F.2d 143, 163 (9th Cir.), cert. denied sub nom., Hackett v. United States, 423 U.S. 996 (1975), cert. denied, 429 U.S. 837 (1976); United States v. Goldstein, 532 F.2d 1305, 1315 (9th Cir.), cert. denied, 429 U.S. 960 (1976).

d. Circumstantial evidence may be introduced to identify the speaker in an intercepted conversation. Fed. R. Evid. 901(b)(5), (6). Such evidence may include:

--- defendant's identification of himself during the conversation either by surname, first name, or nickname. [Van Ripper v. United States, 13 F.2d 961, 968 (2d Cir.), cert. denied sub nom., Ackerson v. United States, 273 U.S. 702 (1926) (Learned Hand, J.); United States v. Turner, 528 F.2d 143, 163 (9th Cir.), cert. denied sub nom., Hackett v. United States, 423 U.S. 996 (1975), cert. denied, 429 U.S. 837 (1976) (given and surname); Palos v. United States, 416 F.2d 438, 440 (5th Cir. 1969), cert. denied, 397 U.S. 980 (1970) (nickname)];

--- the listing of the telephone in the defendant's name or the location of the telephone. [Fed. R. Evid. 901(b)(6) (call placed to phone number assigned to defendant plus self-identification of recipient of call is sufficient to identify defendant as recipient). United States v. Turner, 528 F.2d at 163].

2. Transcripts Of Tape Recordings

a. When the Government properly identifies and lays a foundation for transcripts of taped conversations, they are admissible

to assist the court and the jury in identifying speakers and in following the tapes while they are being played. United States v. Tornabene, 687 F.2d 312, 317 (9th Cir. 1982); United States v. Turner, 528 F.2d 143, 167 (9th Cir.), cert. denied, 423 U.S. 996 (1975).

Objections by the defendants to the accuracy of tape transcripts do not preclude their admission. Defendants are permitted to introduce their own transcript and argue accuracy to the jury. United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 824 (9th Cir.), cert. denied, 471 U.S. 1139 (1985).

Once admitted, transcripts may be used by the jury during the playing of taped recordings at trial and during jury deliberations after the case has been submitted. United States v. Turner, 528 F.2d 143, 167-168 (9th Cir.), cert. denied, 423 U.S. 996 (1975).

3. Admissibility of the Contents of the Tape Recordings:

All of the tape recordings that will be offered into evidence at the trial and played for the jury were made by law enforcement agents or volunteers working with law enforcement agents. Each tape recording is of a separate telephone call, initiated by one of the defendants to the agent or volunteer. During each taped telephone conversation, the defendant represents that he or she is working on behalf of Say No Now. Thus, each telephone conversation is made in furtherance of the scheme to defraud as charged in the indictment.

These taped telephone conversations are admissible against the defendants. They are not barred by the hearsay rule because they constitute admissions. F.R. Evid. 801(d)(2).

In addition, in certain instances, the recordings are direct evidence of the offense charged. For example, counts 2 through 13 of the Indictment charge various defendants with making one or more of

the telephone calls to undercover agents and/or volunteers.

Each tape recording is admissible against all defendants, not merely the defendant whose voice is heard on a particular tape. Statements and acts of co-participants in a scheme to defraud are admissible against other participants. United States v. Lothian, 976 F.2d 1257, 1262 (9th Cir. 1992).

4. Admissibility of Testimony of Victims Not Named In Counts.

The United States intends to offer testimony of victim-witnesses other than those named in the Indictment to testify about the nature and circumstances of their contacts with the company and with one or more of the defendants. This testimony is admissible as relevant evidence of the existence of the scheme to defraud and the particular defendant's participation in that scheme. Moreover, such testimony is admissible under Rule 404(b) of the Federal Rules of Evidence as other act evidence to show intent and knowledge, because each victim is expected to testify that defendant(s) led him or her to believe that in the top position for a valuable award.

5. Chain Of Custody

a. The test of admissibility of physical objects connected with the commission of a crime requires a showing that the object is in substantially the same condition as when the crime was committed (or the object seized). Factors to be considered are the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of intermeddlers tampering with it. There is, however, a presumption of regularity in the handling of exhibits by public officials. United States v. Kaiser, 660 F.2d 724, 733 (9th Cir. 1981), cert. denied, 455 U.S. 856 (1982), overruled on other grounds, United States v. De Bright, 730 F.2d 1255, 1259 (9th Cir.

1984) (en banc).

b. If the trial judge finds that there is a reasonable possibility that the piece of evidence has not changed in a material way, he has discretion to admit the evidence. United States v. Kaiser, 660 F.2d 724, 733 (9th Cir. 1981), cert. denied, 455 U.S. 956 (1982), overruled on other grounds, United States v. De Bright, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc).

c. The Government is not required, in establishing chain of custody, to call all persons who may have come into contact with the piece of evidence. Gallego v. United States, 276 F.2d 914, 917 (9th Cir. 1960).

6. Duplicates

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original, or (2) under the circumstances, it would be unfair to admit the duplicate instead of the original. Fed. R. Evid. 103.

7. Cross-Examination Of Defendant's Character Witnesses

On cross-examination of defendant's character witnesses, the Government may inquire into specific instances of defendant's past conduct relevant to the character trait at issue. Fed. R. Evid. 405(a); Michelson v. United States, 335 U.S. 469 (1948).

8. Summary Chart

a. General Admissibility

A summary chart may be used to illustrate evidence where the relevant documents are voluminous and the summary would be helpful to the judge's and jury's consideration of the evidence. Fed. R. Evid. 1006; United States v. Johnson, 594 F.2d 1253, 1255 (9th Cir.), cert. denied, 444 U.S. 964 (1979); United States v. Robinson, 774 F.2d 261,

275-276 (8th Cir. 1985); United States v. Lemire, 720 F.2d 1327, 1347 (D.C. Cir. 1983), cert. denied, 467 U.S. 1226 (1984); United States v. Seelig, 622 F.2d 207, 214 (6th Cir.), cert. denied, 449 U.S. 869 (1980).

A summary chart may be used where it is based upon, and fairly represents, the evidence before the trier-of-fact. See United States v. Marchini, 797 F.2d 759, 766 (9th Cir. 1986), cert. denied, 479 U.S. 1085 (1987); United States v. Hollingshead, 672 F.2d 751, 755 n.3 (9th Cir. 1982).

b. Use Of Summary Chart In Opening Statement

A summary chart may be used in an opening statement to aid the trier-of-fact in understanding what the Government's evidence will be. United States v. Rubino, 431 F.2d 284, 289-290 (6th Cir. 1970), cert. denied, 401 U.S. 910 (1971); cf. United States v. Johnson, 594 F.2d 1253, 1255 (9th Cir.), cert. denied, 444 U.S. 964 (1979) (underlying evidence summarized on chart need only be admissible, not already admitted, for chart to be used at trial); cf. also United States v. Davis, 564 F.2d 840, 846-847 (9th Cir. 1977), cert. denied, 434 U.S. 1015 (1978) (impliedly recognizing permissibility of use of summary chart in opening statement).

9. Documentary Evidence

a. Domestic Business Records

A portion of the Government's evidence in this case consists of business records. Business records made and kept in the regular course of business are admissible pursuant to Rule 803(6) of the Federal Rules of Evidence.

When seeking to introduce documents under the exception to the hearsay rule contained in Rule 803(6), the Government must produce the

custodian or other qualified witness to testify that the documents were made and kept in the regular course of business. This witness, however, need not have actual knowledge of the treatment of the specific documents in question and need not know who actually made and kept the records. United States v. Basey, 613 F.2d 198, 201 n.1 (9th Cir. 1979), cert. denied, 446 U.S. 919 (1980). The witness need only understand the record-keeping system. United States v. Ray, 930 F.2d 1368, 1370 (9th Cir. 1990). It is not necessary to identify, locate, or call as a witness the person who actually made or kept the records. Id.; United States v. Childs, 5 F.3d 1328, 1334 (9th Cir. 1993); United States v. Bland, 961 F.2d 123, 127 (9th Cir. 1992); United States v. Scallion, 533 F.2d 903, 915 (5th Cir. 1976), cert. denied, 429 U.S. 1079 (1977). Challenges to the accuracy or completeness of business records do not affect admissibility; rather, they concern merely the weight of the evidence. La Porta v. United States, 300 F.2d 878, 880 (9th Cir. 1962).

b. Seized Documentary Evidence

At trial, the United States intends to introduce numerous documents that were seized as part of the search warrant that was executed at the business premises of SNN, through their custodian, Special Agent Martin Harris. Any such relevant evidence is admissible to show the circumstantial relationship of the parties to the conspiracy. See United States v. Clabaugh, 589 F.2d 1019, 1023 (9th Cir. 1979); United States v. Ospina, 739 F.2d 448 (9th Cir. 1984); United States v. Marino, 658 F.2d 1120, 1124 (6th Cir. 1981); United States v. Snow, 517 F.2d 441, 443 (9th Cir. 1975).

Further, such evidence is admissible under Rule 404(b), which provides that evidence is admissible to prove, inter alia, knowledge.

See United States v. Collins, 764 F.2d 647 (9th Cir. 1985)(evidence of defendant's bank accounts admissible under Rule 404(b)).

Such evidence can also be admissible as an adoptive admission, which is not hearsay. See United States v. Carrillo, __F.2d __ (No. 92-10466) (9th Cir. 1993); United States v. Ospina, 739 F.2d 448, 451 (9th Cir. 1984), cert. denied, 471 U.S. 1126 (1985); United States v. Marino, 658 F.2d 1120, 1124 (6th Cir. 1981).

10. Exclusion of Self-Serving Hearsay

The defendant cannot attempt to prove his own statements through the testimony of another witness because those statements are hearsay. A defendant cannot rely on Federal Rule of Evidence 801(d)(2) because he is the proponent of the evidence and because the evidence is not being offered against him. Rather, he would be seeking to have self-serving hearsay statements brought before the jury without the benefit of cross-examination of himself by the United States. See United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988).

Further, a prior consistent statement is not admissible if it is introduced in the absence of impeachment. See Rule 801(d)(1)(B); United States v. Navarro-Varelas, 541 F.2d 1331, 1334 (9th Cir. 1976), cert. denied, 429 U.S. 1045 (1977).

Third party testimony as to the defendants' statements of their purported beliefs are not within a hearsay exception, and should therefore be excluded. Under Rule 801(d)(2), a statement by a party is not hearsay only when offered against the party, and not when it is being offered on a declarant's behalf. See United States v. Emmert, 829 F.2d 805 (9th Cir. 1987)(Rule 803(3) "excludes [] a statement of belief to prove the fact believed").




UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. RONALD RAMAGLIA (8), PHILLIP DENARDO (13), Defendants. | Criminal No. 95-1876-B<br>CERTIFICATE OF SERVICE BY MAIL |

STATE OF CALIFORNIA )
) ss.
COUNTY OF SAN DIEGO )

IT IS HEREBY CERTIFIED THAT:

I, Sharon K. Whipple, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not a party to the above-entitled action; and,

On this date I deposited in the United States mail, in an envelope bearing the requisite postage, at San Diego, California, in the above-entitled action, a copy of **GOVERNMENT'S TRIAL MEMORANDUM**, addressed to **Janet C. Miller, Esq., 2552 F Street, San Diego, CA 92102-2736**, and **Joe Cox, Esq., 1140 Union Street, Suite 213, San Diego, CA 92101**, the last known addresses, at which

places there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25, 1997.

Sharon K. Whipple

SHARON K. WHIPPLE